865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard Lee LONG,
v.
Frank HORTON, Jr.; Charles Sanders; Mike Alsep; State of
South Carolina Attorney General of South Carolina,
Respondents-Appellees.
 No. 88-6752.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 18, 1988.
Decided: Dec. 1, 1988.
 
 Howard Lee Long, appellant pro se.
 Donald John Zelenka (Office of the Attorney General of South Carolina), for appellees.
 Before WIDENER, JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howard Lee Long, a South Carolina inmate, appeals the district court's grant of summary judgment in favor of respondents on his petition for writ of habeas corpus. Long alleges that his guilty plea was involuntary because he feared the death penalty, because his fifth amendment privilege against self-incrimination was violated, and because he was denied the effective assistance of counsel. We deny a certificate of probable cause to appeal and dismiss.
 
 
 2
 Long confessed to the murder of Mrs. Ollie New. In addition to the confession, substantial physical evidence, including a handprint, blood, and fiber samples, linked Long with the murder. Charles Sanders and Michael Allsep were appointed to represent Long. Both attorneys met with Long to discuss the case. In the course of these discussions, Sanders informed Long that Long could face a death penalty for the murder. Sanders advised Long that it would be in Long's best interest to plead guilty. At the plea hearing, Long entered a guilty plea; he received a life sentence.
 
 
 3
 Long first claims that his guilty plea was involuntary because he entered the plea in order to avoid a death penalty. He also claims that he received ineffective assistance of counsel because his attorneys advised him to plead guilty in order to avoid a death sentence, when death was not a possible sentence under the facts of the case. However, a defendant's entry of a guilty plea in order to avoid a potential death sentence is not involuntary merely because he wanted to avoid that sentence. North Carolina v. Alford, 400 U.S. 25 (1970). Long's contention that he could not have received the death penalty for this offense is incorrect. The aggravating factors of commission of the murder in the course of armed robbery, larceny with use of a deadly weapon and/or torture could have been found on the facts of this case. See S.C. Code Sec. 16-3-20(C)(a)(1).
 
 
 4
 Long next asserts that his guilty plea is invalid because it violated his right against self-incrimination. Guilty pleas are a recognized part of our criminal justice system and, if voluntary, do not violate the fifth amendment right against self-incrimination. Blackledge v. Allison, 431 U.S. 63 (1977). Further, there is no evidence on the record that Long's plea was induced by threats or coercion, and Long denied that his plea was so induced in his plea colloquy with the trial judge.
 
 
 5
 Long contends on appeal that he was denied effective assistance of counsel because his attorneys did not investigate or pursue an insanity defense. Although he addresses this issue in his informal appellate brief, his only reference to it in district court was one sentence in his "Motion in Opposition to Summary Judgement." Neither the magistrate nor the district court treated this reference as an amendment to Long's petition. District courts are not required to construct claims from obscure references in a complaint. Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). "Nor should appellate courts permit those same fleeting references to preserve questions on appeal." Id. at 1278. Because Long did not raise this claim with sufficient particularity for the court below to recognize it, he cannot now raise it on appeal. Id.
 
 
 6
 Finding no error in the district court's adjudication of Long's petition, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 DISMISSED.